We'll hear argument now in Ziccarelli against Dart. May it please the court, clerk, counsel, my name is Michael Greco and I represent the appellant, plaintiff, Salvatore Ziccarelli in this matter. It's a race, age and sex discrimination case as well as a lawful route retaliation alleged in the complaint. We assert that the district court erred in discounting the plaintiff's evidence at summary judgment on the basis that it did not purportedly exhibit sufficient indices of the discrimination. There's no question that all of the identified comparators except for John Stasak received more lunch premiums, for example, than Officer Ziccarelli and yet it is also, we submit that there is evidence that the seniority of the officer is to be taken into account in according lunch premiums even though lunch premiums are not accorded as a matter of right. We obviously concede that lunch premiums are accorded based on the operational needs of the Sheriff's Department and in this case we're talking about the corrections guards at the Cook County Jail. They're only accorded on the basis of operational need and yet Superintendent Salazar, the highest ranking supervisor and sheriff's deputy who testified at that position in this case, clearly testified that seniority is a factor that's taken into account in according the lunch premiums when there is an operational need. For the two Hispanic persons by six premiums and then there are a couple of outliers. One is Officer Solis who received 127 premiums during the identified period and the other is Officer Franks, a probationary officer who received 95 as compared to Ziccarelli's 51 premiums. We submit is evidence sufficient for a discriminatory motive. Ascribing that discriminatory motive to either race or sex or age candidate is of course the barrier. With the fact that Captain Page himself is an African-American deputy and he's the captain ranking under Superintendent Salazar but over Sergeant Smith who also testified in this case with Officer Ziccarelli being a white male, we submit that there is evidence from which a jury could find the race discrimination on the basis of these comparators. Again it would not be a stretch, it would not be an outlandish result, it would not be a result that would have to be overturned Rule 50 motion or by this court if a jury were to find the race discrimination on the basis of the evidence that's been put forth. We do show at least one officer of the female gender who received more premiums than Officer Ziccarelli, she had 57 during the control period. Additionally there is a circumstantial evidence with Sergeant Smith testifying positively that Captain Page was thwarting her efforts to, well she didn't say thwart but Captain Page was not enabling her, authorizing her to accord the level of premiums to Officer Ziccarelli that Sergeant Smith felt was due and Sergeant Smith also positively stated that Captain Page exhibited favoritism in assignments, in obligations to cross watch and in there is evidence from which a jury could find in favor of the plaintiff as far as the sex discrimination vis-a-vis the denial or the limitation of his lunch premiums. Finally with regard to the the discipline that was imposed by officer, that was imposed but withdrawn, actually pardon me, with regard to Officer Frank's testimony that he was coached and cajoled by Captain Page and Officer McCloud, a female officer who only enjoyed the rank or position over Officer Franks and that Officer Franks was probationary at the officer Ziccarelli, we submit that that is a circumstance that the court, that the jury and a finder of fact could consider in determining whether there are fishy facts or facts which indicate that the proffered explanations of the defendant are not credible and that there is actually discrimination. Other than that I would stand on the briefs and reserve the remainder of my time for rebuttal. Thank you Mr. Greco. Thank you, Your Honor. Mr. Creighton. Good morning. If it please the court and if it please counsel, the position of the sheriff in this matter is simply there was no adverse employment action taken in this case. When we look at the unrebutted evidence of the affidavit of the payroll department as to who got what premiums over the period of time involved, it shows no pattern of racial discrimination, of sex discrimination, or of any other type of discrimination and the testimony unrebutted in the case that this is not something that any employee is entitled to. It's something that's solely given out on the operational needs that occur at any particular time in the jail. I would correct a plaintiff's counsel on one fact. He said that there was no woman that was treated with less premiums or received less premiums than Officer Zicharelli. That's not accurate. He had identified, the plaintiff had identified a white female, Kimberly Sullivan, and she, when we had the payrolls record pulled, received only ten premiums. So the fact that some employees may be treated better than others in fact doesn't prove that there's any kind of discrimination going on. In this case, when you look at what these premiums were, they're all over the place in return to who got what and what the race and age was. In fact, the white male, Officer Franks, who was older than Officer Zicharelli, he received 91 premiums. So why would there be discrimination against white males when one of the white males received a great deal of premiums? And in fact, if there's a problem with seniority, that's a problem in the grievance proceedings before the collective bargaining agreement. It's not a Title VII violation. So I think there's clearly no evidence of an adverse employment action and Judge Maravich was correct. When somebody's getting seven more premiums instead of, they're getting 57 instead of 51, that's not an adverse employment action and there's certainly no evidence in this case that those seven premiums for two of these comparators was based on any race, sex, age, or any other type of unlawful discrimination. I would just briefly want to address the, since counsel brought it up, this issue of the retaliation or the disciplinary action that was taken. In fact, Officer Zicharelli grieved the fact that he had lost his utility belt and he won the case. They not only removed the five-day suspension, they in fact removed even the reprimand from his file. So there's no adverse employment action. Regarding the assignment to cross-watching, the on rebutted testimony in this case is that all correctional officers, race, sex, national origin, they're all assigned to cross-watching. So there's no, somebody doing what they're required to do as a correctional officer isn't an adverse employment action just because they don't like what they're assigned to do. That's part of their job. In regards to the 90-day rotation, there's been no offer of comparators as to anybody else being treated differently than the plaintiff. He says he was denied some of the rotations. In fact, some of the evidence that was presented through one of the depositions of Captain Page was that in fact there were occasions during this period of time when he was rotated. If he wasn't rotated enough, that's again an issue for a collective bargaining agreement and there's no issue in this there's no dispute in this record that in fact Officer Ziccarelli knew how to grieve very well and there's in fact grievances over denial of lunch premiums that he prevailed on and those are attached into the affidavit of the payroll department. So in conclusion, I would just reiterate there's no adverse employment action case. There's no action here that could be indicated as based on race, sex, or national origin and I would ask you to affirm the sudden re-judgment. That concludes my remarks and unless the court has a question, I thank you. Thank you, Mr. Graydon. Anything further, Mr. Greco? Yes, thank you. I do concede that with regard to Kim Sullivan, we had identified her in error. She did in fact receive fewer premiums. However, the comparators which were identified and that were analyzed by Judge Maravich in his opinion included, as I mentioned, Officer Franks, who is white, who is older and yet he is also the person who Captain Page was using, we allege, to make reports of harassment against Officer Ziccarelli precisely because he was investigating who was receiving premiums and who was being treated more and we submit that there is evidence on this record to establish that he is an outlier because he was being used by Captain Page effectively as an instrument of Captain Page's pattern of discrimination. As far as the availability of the grievance procedure, of grievance procedures and of a union process, my client is a member of a union and that is not conclusive of his rights under Title VII, of course. The grievance procedures he is very familiar with, he does utilize them, he utilized them in this case with regard to the discipline. I did not, I actually did not push the point on discipline because that was not part of the primary argument. I see that my time is up. If there are no further questions, I will ask the court to reverse. Thank you very much counsel. The case is taken under advisement.